UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RANDY MONTOYA**,
        Plaintiff,

vs.                                                Civ. No. 10-259 MCA/ACT

**PENSKE TRUCK LEASING, CO., LP;
JOE HILL; MIKE MARTINEZ**,
        Defendants.

## ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion For Attorney Fees For Improper Removal* [Doc 24]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants in part the motion.

On June 23, 2010, this Court granted Plaintiff's *Motion to Remand*. On June 30, 2010, Plaintiff filed the instant *Motion* in order to recover fees for improper removal [Doc 24]. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A fee award under § 1447(c) is "left to the district court's discretion . . . not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). Martin, 546 U.S. at 139 (alteration in original) (internal quotation marks and

citation omitted).  Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal.  Id. at 141.

On the face of the *Complaint*, the Court finds that Defendants had an objectively reasonable basis for removal.  The Court further finds, however, that Defendants had no objectively reasonable basis to continue to justify removal after Plaintiff's *Motion to Remand* made clear the factual basis for his *Complaint*.  Accordingly, exercising its discretion, this Court awards Plaintiff attorney fees for the work that was completed after Defendants filed their response to the motion to remand.

With regard to the fee award, Plaintiff's counsel has submitted affidavits in which counsel avers that he has been practicing law in New Mexico since 1977 and has "significant" experience practicing in federal court and litigating civil rights issues.  [Doc 25-1 at 2]  He has billed in this case at $200 per hour, which he states is "probably below the usual hourly rate for an attorney of my experience and practice in the community." [Id.]  The Court finds that this rate is reasonable under prevailing local rates for legal services.  In making this finding the Court considers the skill and experience of counsel as reflected and demonstrated in the quality of counsels' representation of Plaintiff in the present action.

Plaintiff's counsel has also submitted billing records which account for a total of 27.47 hours.  The Court finds that 16.4 hours were spent drafting the motion to remand and the affidavits.  Accordingly, Plaintiff shall recover for the remaining 11.07 hours, at a

rate of $200 per hour. Thus, the Court awards $2214.00 in attorney fees and an additional $146.68 in gross receipts tax[1], for a total award of $2,360.68.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's *Motion For Attorney Fees For Improper Removal* [Doc 24] is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that counsel for Plaintiff is awarded $2,360.68 in attorney fees.

**SO ORDERED** this 16th day of March, 2011, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge

---

[1] Plaintiff requested the gross receipts tax to be calculated at a rate of 7%. The gross receipts tax rate in Albuquerque between January 2010 and July 2010 was 6.625% and it was increased to 7% as of July 1, 2010. Only Plaintiff's reply brief in the litigation for attorney fees was filed after July 1, 2010. Because there is no itemization of the time spent only on the reply brief in the motion for attorney fees, which is the only work to which the 7% rate applies, the lesser tax rate is applied to the entire fee award.